White, J.
We agree with the court below that the affidavit entered on the mortgage is defective, and that for this reason it is void as against the creditors of the mortgagor.
The act in relation to chattel mortgages, as amended May 7,1869 (66 Ohio L. 345), requires, in case the mortgage is given to indemnify the mortgagee against a liability as surety for the mortgagor, that there shall be entered thereon a true statement of such liability, and that the instrument was taken in good faith to indemnify against any loss that may result therefrom. This statement is required to be verified on oath. The original act did not contain this special provision in regard to indemnity mortgages; but the mortgage in the present case is governed by the amendatory act, and fails to comply with its requirements.
It is, however, contended that as the mortgage is good against the mortgagor, it is also good against his assignee for the benefit of creditors; that the latter stands in no better situation than his assignor. The correctness of this *553 position at common law is admitted; but not so under the statute. Tbe mortgagee not having possession of the mortgaged property, the statute declares the mortgage void as against the creditors of the mortgagor. The assignee took the property under the assignment, and held it for the exclusive benefit of creditors. The mode of providing for creditors by way of assignment, in trust for their benefit, is recognized and regulated by statute; and we see no good reason why their rights may not be as effectually asserted through the assignee, as they could be by judgment and execution in ease there had been no assignment.
Ve think the court erred in instructing the jury that they should include in the assessment of damages the value of the property selected and set apart by the assignor as exempt from the payment of debts.
The assignor was a resident of the state, and the head of a family; and, not being the owner of a homestead, he was entitled to hold, exempt from levy and sale on execution, goods from the stock not exceeding five hundred dollars in value. Section 15 of the “ act regulating the mode of administering assignments in trust for the benefit of creditors,” provides that nothing in the act “shall be so construed as to require any property exempt from levy or sale upon execution to be delivered up for payment of debts.” In the present case, the assignor, by the terms of the assignment, reserved all the property- lie was authorized by law to hold exempt from the demands of creditors. Unless, therefore, the 'goods he selected and set apai’t exceeded five hundred dollars in value, the assignee had no right to any part of them. If they did exceed that value, the assignee was entitled to the excess. True, they had not been appraised; but we do not think the omission to make the appraisement impaired the right of the assignor in the selected property to the extent of the value allowed by law.
But whilst the exempted property, thus claimed by the assignor, did not pass to the assignee by the assignment, it did pass to the mortgagee under the mortgage. The mort *554 gage, although void as against creditors, was valid as against the mortgagor. In opposition to his mortgage, he could claim no exemption. The law does not disable the debtor from disposing of the property by mortgage or otherwise, which he is authorized to hold exempt from execution.
The statute authorizes the selection to be made by the debtor, his wife, agent, or attorney. The selection, however, is made in all cases in right of the debtor; and where he has disposed of the property the right does not exist.
The mortgagee is, of course, liable to account to the mortgagor for the surplus of the exempted property, after the payment of the debt secured by the mortgage; but that liability does not affect his right to recover the property under his mortgage.
■ As the mortgagee could not have been prejudiced by the ruling of the court below beyond five hundred dollars, the value of exempted proporty’allowed by law to the mortgagor, if the defendant in error enters a remittitur of that amount on the judgment, the motion for leave to file a petition in error will be overruled; otherwise, leave will be granted, and the j udgments reversed, and cause remanded for a new trial.
McIlvaine, C. J., Welch, Rex, and Gilmore, JJ., concurred.